Argued June 17; affirmed September 4; rehearing denied
September 30, 1930

## STATE *v.* GOLD

(290 P. 1093)

*C. W. Robison* of Astoria for appellant.

*Francis T. Wade,* Deputy District Attorney, of Portland (Stanley Myers, District Attorney, and George C. Graham, Deputy District Attorney, both of Portland, on the brief) for the State.

COSHOW, C. J. ■ Assuming that appellant is correct in her contention that said questions constitute all the evidence, yet we think this is sufficient evidence of her possession of the premises to take the case to the jury. There was an abundance of evidence of the criminal conduct of the defendant and of the kind of business being conducted at 104½ North Sixth street.

■ The contention is that the two questions and answers quoted above are all the evidence tending to prove the proprietorship of defendant. Webster defines "landlady" as: "1. A woman having real estate which she leases. 2. The mistress of an inn, lodging house or boarding house. 3. The mistress of a house; the hostess." As used in these two questions, the word "landlady" designates the persons in charge or possession of the premises. It is a violation of said section 2089 to have possession or be entitled to the possession of the premises used for the offensive purposes con-

demned by the statute. If defendant was the owner of the premises she was landlady thereof. She permitted a house of prostitution to be set up therein for she was in the house directing the inmates what to do.

There is other evidence, however, tending to support the essential allegation that defendant was in possession of the premises. There is testimony to the effect that she exercised authority over the premises, directed the employees and discharged them. These acts of defendant imply that she was in possession of the premises. The evidence is scanty, but as long as there is some evidence this court can not take the case from the jury.

JUDGMENT IS AFFIRMED.